UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 1:17-cv-4065 |
| | ) |
| HAMILTON COUNTY, INDIANA, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   NATURE OF COMPLAINT**

1. Plaintiff, Melissa Mitchell, (hereinafter "Mitchell"), by counsel, brings this action against Hamilton County (hereinafter "Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.,* and the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*

**II.   PARTIES**

2. Mitchell is a resident of Hamilton County in the State of Indiana, who at all relevant times resided within the geographic boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

**III.   JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; and 29 U.S.C.

§2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and 29 U.S.C. §2611(4).

6. Mitchell, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. At all times relevant to this action, Mitchell was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. Mitchell has a "disability" as that term is defined by 42 U.S.C. §12102(2).

9. Mitchell is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8) and/or Defendant knew of Mitchell's disability and/or regarded Mitchell as being disabled and/or Mitchell has a record of being disabled.

10. Mitchell satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against, EEOC Charge No. 470-2017-00302. Mitchell received the required Notice of Right to Sue and brings this original action within ninety (90) days of her receipt thereof.

11. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

12. Mitchell began working for Defendant on August 24, 1998 as a 911 Dispatcher.

13. In or about the summer of 2007, she was promoted to Shift Supervisor.

14. Mitchell began to suffer from depression in 2012.

15. In or about September 2014, Defendant reorganized the Department of Public Safety Communications. As a result, Mitchell's title was changed to QA & QI Supervisor.

16. As Mitchell's symptoms of depression grew worse, she began to seek positions outside of dispatch that she believed would not be a trigger for her disability. For example, Mitchell applied for a Director of Operations position and Human Resources position for the Department of Public Safety Communications. She was denied both positions despite being qualified for them.

17. On several occasions in 2014 and 2015, Mitchell requested that Defendant provide debriefing for her and others taking 911 dispatch calls due to the serious nature of the calls they received and the emotional impact it had on her and other dispatchers. Her request was denied.

18. On or about October 5, 2015, Mitchell took approved leave under the FMLA for her depression and recently diagnosed Post-Traumatic Stress Disorder. After submitting her paperwork, Mike Snowden, Executive Director, hugged Mitchell and said that he hoped that her work with her therapist will help her.

19. In or about November 2015, Mitchell was informed that shift bids were coming up. Mitchell requested to move to day shift and be an Administrative Supervisor; however, her request was denied.

20. Upon her return from leave, Defendant terminated Mitchell's employment on or about December 30, 2015, for alleged performance issues

21. Defendant's stated reason for discharging Mitchell is pretext for discrimination based on her disability and/or use of leave under the FMLA.

## V. CAUSES OF ACTION

### COUNT I: ADA- DISABILITY DISCRIMINATION

22. Mitchell hereby incorporates by reference paragraphs one (1) through twenty-one (21) as if the same were set forth at length herein.

23. Defendant violated Mitchell's rights as protected by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* by subjecting her to disparate treatment because of her actual or perceived disability.

24. Defendant's actions were intentional, willful and in reckless disregard of Mitchell's rights as protected by the ADA.

25. Mitchell has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: ADA – FAILURE TO ACCOMODATE

26. Mitchell hereby incorporates by reference paragraphs one (1) through twenty-five (25) as if the same were set forth at length herein.

27. Defendant failed to provide Mitchell with an accommodation due to her disability.

28. Defendant willfully and intentionally discriminated against Mitchell on the basis of her disabilities in violation of the Americans with Disabilities Act, as

amended, 42 U.S.C. §12101 *et. seq.*

29. Mitchell has suffered damages as a result of Defendant's actions.

### COUNT III: VIOLATION OF THE FMLA – RETALIATION

30. Mitchell hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint.

31. Defendant unlawfully retaliated against Mitchell for her use of leave that qualified for protection under FMLA.

32. Defendant's actions were intentional, willful and in reckless disregard of Mitchell's rights as protected by the FMLA.

33. Mitchell suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: VIOLATION OF THE FMLA – INTERFERENCE

34. Mitchell hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint.

35. Defendant unlawfully interfered with Mitchell's rights under the FMLA by failing to restore her to her position upon the conclusion of her leave.

36. Defendant's actions were intentional, willful and in reckless disregard of Mitchell's rights as protected by the FMLA.

37. Mitchell suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Melissa Mitchell, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Mitchell to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; or award her front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA;

5. Punitive damages for violations of the ADA;

6. Liquidated damages for the Defendant's violations of the FMLA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
E-Mail:      ad@bdlegal.com

Attorneys for Plaintiff, Melissa Mitchell

**DEMAND FOR JURY TRIAL**

Plaintiff, Melissa Mitchell, by counsel, requests a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        BIESECKER DUTKANYCH & MACER, LLC

        By: /s/ Andrew Dutkanych III
        Andrew Dutkanych III, Atty No. 23551-49
        411 Main Street
        Evansville, Indiana 47708
        Telephone:   (812) 424-1000
        Facsimile:    (812) 424-1005
        E-Mail:       ad@bdlegal.com

        Attorneys for Plaintiff, Melissa Mitchell